Filed 2/22/24  P. v. Villaneda CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082471 |
| v. | (Super.Ct.No. RIF107908) |
| ALFRED VILLANEDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On April 13, 2004, a jury found defendant and appellant Alfred Villaneda guilty of first degree murder (Pen. Code, § 187, subd. (a), count 1),[1] during which he discharged a firearm proximately causing death (§ 12022.53, subd. (d)) and five counts of felony preventing/dissuading a witness by threats (§ 136.1, subd. (c)(1), counts 2-6).[2] Defendant thereafter admitted having suffered four prior prison terms. (§ 667.5, subd. (b).) The court sentenced defendant to 50 years to life, plus 19 years of imprisonment. (*Villaneda*, *supra*, E036670.)

Defendant appealed. This court reversed and remanded the matter for resentencing, but otherwise affirmed the judgment. On remand, the court resentenced defendant 50 years to life, plus 10 years of imprisonment.[3] (*Villaneda*, *supra*, E036670.)

On May 30, 2023, defendant submitted a request for resentencing pursuant to section 1172.6. After a hearing on October 20, 2023, at which defendant was represented by counsel, the trial court denied the petition.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error,

---

[1]  All further statutory references will be to the Penal Code unless otherwise stated.

[2]  We take judicial notice of our prior opinion from defendant's appeal from the original judgment (*People v. Villaneda* (Mar. 16, 2006, E036670) [nonpub. opn.]). (Evid. Code, § 459.)

[3]  On November 13, 2023, the court struck defendant's prior prison term enhancements, resentencing defendant to 50 years to life, plus six years of imprisonment.

and identifying one potentially arguable issue: whether the court erred in determining defendant was ineligible for relief as a matter of law.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER

J.


I concur:


RAPHAEL

J.


3

[*People v. Villaneda*, E082471]

RAMIREZ, P. J., Dissenting.

I respectfully dissent. Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief and defendant did not file a supplemental brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) For the reasons set forth in *People v. Griffin* (2022) 85 Cal.App.5th 329, 333-337, I would exercise that discretion to conduct an independent review of the record.

RAMIREZ

P. J.